# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2491

———————

| | | |
|---|---|---|
| Margaret E. Dattoli | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony J. Principi, Secretary of | * | |
| Department of Veterans Affairs, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: March 12, 2003

Filed: June 11, 2003

———————

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

———————

BOWMAN, Circuit Judge.

Margaret Dattoli sued the Department of Veterans Affairs alleging gender-based discrimination (Title VII), claims under the Rehabilitation Act and the Americans with Disabilities Act, and reprisal claims. The District Court[1] granted summary judgment in favor of the government and Dattoli now appeals the dismissal

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the matter was referred for final disposition by consent of the parties. See 28 U.S.C. § 636(c) (2000).

of her Title VII, Rehabilitation Act, and reprisal claims. Having thoroughly reviewed the record, see Gen. Trading Int'l. v. Wal-Mart Stores, Inc., 320 F.3d 831, 835 (8th Cir. 2003) (noting de novo standard of review), we affirm the well-reasoned opinion of the District Court.

The District Court concluded that Dattoli's Title VII claim was subject to summary judgment because, within the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), framework, she was unable to establish a prima facie case of discrimination. To have established her prima-facie, hostile-work-environment case, she would have had to have shown that she was a member of a protected class; that she was subject to unwelcome gender-based harassment; that the harassment was based on her gender; and that the harassment affected a term, condition, or privilege of employment. See Bradley v. Widnall, 232 F.3d 626, 631 (8th Cir. 2000); see also Faragher v. City of Boca Raton, 524 U.S. 775, 807–08 (1998) (holding that employers are vicariously liable for harassment by supervisors but establishing affirmative defense for employers when harassment is committed by co-workers). We agree with the District Court's determination that Dattoli failed to demonstrate that the vast majority of alleged harassment, which focused on co-worker Daniel Moynihan as the perpetrator, was based on her gender and that:

> Plaintiff's own statements do not in any way indicate that Moynihan's conduct toward plaintiff was sexually based or had anything to do with the fact that Plaintiff was a woman. Mr. Moynihan had problems with *everyone*, men and women alike. Indeed, on page 31 of her handwritten statement, she stated "No one was exempted from Mr. Moynihan [sic] criticism[.] [H]e talked about everyone. He used everyone to get what he wanted."

Memorandum and Order, April 24, 2002, at 20–21 (emphasis in original) (quoting Plaintiff's EEOC Memorandum). Although it appears that Daniel Moynihan was at best a difficult co-worker, this alone does not give rise to a Title VII claim. Even

though several of the incidents that the plaintiff describes were plainly based on her gender, these several incidents, which occurred over the course of several years, do not rise to the level required by the Supreme Court to establish a prima facie case. That is, these events did not affect the terms, conditions, or privileges of her employment insofar as they do not show that the plaintiff was subjected to a "workplace . . . permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations omitted); see also Duncan v. Gen. Motors Corp., 300 F.3d 928, 935 (8th Cir. 2002) (holding that co-worker's "boorish, chauvinistic, and decidedly immature" behavior did not give rise to hostile-work environment claim), cert. denied, 123 S. Ct. 1789 (2003).

As for Dattoli's Rehabilitation Act and reprisal claims, the District Court did not err when it granted the defendant's summary judgment motion. As it was in Toyota Motor Manufacturing v. Williams, 534 U.S. 184, 196 (2002), the parties agreed that the plaintiff was in fact impaired, but disagreed as to whether she was legally disabled. Dispositive of this case is the fact that Dattoli admitted in her deposition that her vocal impairment hinders her only in her work answering phones and conducting some interviews, but does not affect her social or home life. Dattoli Deposition at 23–24. In fact, the plaintiff and her speech therapist identified "yelling" and "rais[ing] her voice" at home as among the root causes of her impairment. Speech Therapist Progress Notes of Dec. 17, 1997 & March 12, 1998. Even her later affidavit filed with District Court suggests, at most, that her voice is rather soft, that she must take special care of her voice, and that at times her voice fails. Dattoli Aff. of Feb. 12, 2002, at 6-9. As such, Dattoli falls short of the standard Congress established for a legal disability because she has failed to demonstrate that she is unable to undertake, or is severely restricted in her ability to perform, activities that are of central importance to most individual's daily lives. Toyota, 534 U.S. at 198.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.